IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| HENRY JAMES REINHEIMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:14-cv-00049 |
| | ) | |
| ABBY K. MOYNIHAN, *et al.*, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Defendants move to dismiss plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(4) and (6). (Dkt. Nos. 5, 11, 13, and 15.) In response, plaintiff, who is proceeding *pro se*, moves to strike defendants' motions to dismiss, moves for entry of default against some defendants, and moves to withdraw his claims against other defendants. (Dkt. Nos. 7, 26, 29, and 30.)

The court referred all motions to United States Magistrate Judge James G. Welsh, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). (Dkt. No. 4.) On May 1, 2015, he filed a report and recommendation (hereinafter the "Report") on the motions. (Dkt. No. 36.) He recommends that the court grant plaintiff's motion to withdraw claims, grant defendants' motions to dismiss, deny as moot plaintiff's motions to strike and motion for entry of default, dismiss plaintiff's complaint without leave to amend, and strike the case from the court's active docket. (*Id.* at 4, 20.) Upon filing the Report, Magistrate Judge Welsh advised the parties of their right under 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b)(2) to file written objections to his proposed findings and recommendations within 14 days of service of the Report. (*Id.* at 21.)

The deadline to object to the Report has passed, and no party timely filed an objection.[1] "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Upon reviewing the record in this case, the court is satisfied that there is no clear error as to the Report's recommended dispositions of the parties' pending dispositive and nondispositive motions.[2] The court will therefore adopt those dispositions. It will not, though, adopt all of the Report's reasoning. In particular, it will not adopt the conclusion, or accompanying analysis, that the individual defendants (employees of other defendants) are immune from liability for plaintiff's claims because they acted within the scope of their employment. While the court agrees with the Report that the individual defendants were acting within the scope of their employment at all times relevant to this case and that plaintiff's claims arise from their employment relationship, it does not agree with the broad proposition that employees are immune under Virginia law from liability for third-

---

[1] Two weeks after the deadline expired, plaintiff filed a document titled "Order to Strike," in which he "instructs" the clerk to strike the Report because "it lacks any testimony from a competent fact witness and is void of any response from those wrongdoers who were served properly," and to "Record Judgment" in his favor because "there has been no verified response from those wrongdoers who have neglected to answer the action at law." (Dkt. No. 37, ¶¶ 8–9.) Construing this document as an objection to the Report, the court declines to consider it because plaintiff filed it out of time and because he made no motion for an extension of time. But even if the court were to consider the document, it would still reach the same result here because the document does not address the Report's findings and recommendations, as required under 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b)(2), much less show that they are wrong.

[2] The Report makes several references to "18 U.S.C. § 1985" and "18 U.S.C. § 1986." (Dkt. No. 38 at 3, 11, 16, 20.) But it is clear from the content of the Report and from the references in plaintiff's complaint and briefs that the Report meant instead to refer to "42 U.S.C. § 1985" and "42 U.S.C. § 1986." The court thus reads all references to "18 U.S.C. § 1985" and "18 U.S.C. § 1986" in the Report as references to "42 U.S.C. § 1985" and "42 U.S.C. § 1986."

2

party claims arising from their employment relationship when they act within the scope of their employment.

The case relied upon in the Report to support this proposition, *DeBrueler v. Hartford Fire Insurance Co.*, 4 Va. Cir. 135 (Va. Cir. Ct. 1983), does not do so.  First, the case is limited by its specific and narrow facts to a situation involving allegations of conspiracy between a lawyer, a law firm who employed the lawyer, and the law firm's clients for an alleged failure to settle the plaintiff's claims promptly.  *Id.* at 135–39.  Second, the case itself acknowledges that "Virginia has not expressly passed on" a lawyer's immunity from third-party claims arising out of his "professional relationship." *Id.* at 139.  And finally, the Supreme Court of Virginia has long held that, while not "joint tort-feasors in the strict sense," an employer and employee are jointly liable and jointly suable for the employee's tortious act.  *McLaughlin v. Siegel*, 185 S.E. 873, 873–74 (Va. 1936).  As it has explained:

> The servant is liable because of his own misfeasance or wrongful act, in breach of his duty so to use that which he controlled as not to injure another.  The master is liable because he acts by his servant, and is, therefore, bound to see that no one suffers legal injury through the servant's wrongful act done in the master's service within the scope of the agency.  Both are liable jointly, because from the relation of the master and servant they are united or identified in the same tortious act resulting in the same injury.

*Id.* (internal quotation marks and citation omitted).

In any event, the Report's conclusion and accompanying analysis as to the individual defendants' immunity are not necessary to dispose of plaintiff's claims against the individual defendants.  For all of the other reasons stated in the Report, plaintiff clearly fails to state a claim against them upon which relief can be granted.

3

Accordingly, the court will ADOPT in part and REJECT in part the Report. An appropriate order will be entered.

The clerk is directed to send a copy of this memorandum opinion to plaintiff and to all counsel of record.

Entered: June 4, 2015.

*Elizabeth K. Dillon*
United States District Judge